IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 110,472

STATE OF KANSAS,
*Appellee*,

v.

THOMAS BURDICK,
*Appellant.*

SYLLABUS BY THE COURT

Non-sex offenders seeking to avoid retroactive application of provisions of the Kansas Offender Registration Act (KORA) must, in order to satisfy the "effects" prong of the test set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963), produce a record that distinguishes—by the "clearest proof"—KORA's effect on those classes of offenders from the Act's effects on sex offenders as a class.

Review of the judgment of the Court of Appeals in an unpublished opinion filed May 8, 2015. Appeal from Riley District Court; JOHN F. BOSCH, judge. Opinion filed August 11, 2017. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Meryl Carver-Allmond*, of Capital Appellate Defender Office, was on the briefs for appellant.

*Bethany C. Fields*, deputy county attorney, *Barry Wilkerson,* county attorney, and *Derek Schmidt,* attorney general, were on the brief for appellee.

1

The opinion of the court was delivered by

STEGALL, J.: In 2009, Thomas Burdick pled no contest to one count of distribution of cocaine. Pursuant to a plea agreement, the district court sentenced him to 30 months' imprisonment and ordered 24 months' postrelease supervision. At the time he committed the crime, Burdick was required to register as a drug offender pursuant to the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq.* See K.S.A. 2008 Supp. 22-4902(a)(11)(C). Under that version of KORA, offenders had to register with the county sheriff "[w]ithin 10 days of the offender coming into any county in which the offender resides or temporarily resides for more than 10 days." K.S.A. 22-4904(a)(2).

By the time Burdick was released from prison in December 2012, the legislature had changed KORA by requiring offenders to "register in person upon any commencement, change or termination of residence location . . . within *three* business days of such commencement, change or termination." (Emphasis added.) K.S.A. 2012 Supp. 22-4905(g); see L. 2011, ch. 95, sec. 5 (reducing the time to update registration to 3 days). Thereafter, Burdick changed residences several times, and law enforcement arrested him for failing to timely update his registration.

Prior to trial, Burdick submitted a "motion to dismiss for ex post facto punishment by 2011 redux of Kansas Offender Registration Act," which the court denied. A jury eventually convicted Burdick of one count of violating KORA for failing to report a change of residence within 3 business days between January 9, 2013, and January 11, 2013. Among Burdick's several complaints on appeal, he claimed that applying the 2011 KORA amendments to him violated the Ex Post Facto Clause of the United States Constitution. The Court of Appeals disagreed, holding that registration is not punishment, so the 2011 amendments could be applied retroactively to him. *State v. Burdick*, No.

110,472, 2015 WL 2342145, at *6-7 (Kan. App. 2015) (unpublished opinion). Burdick petitioned for review on only this issue, and we granted review.

Burdick argues that his conviction is invalid because when he was first required to register, he had 10 days—rather than 3—to notify authorities about a change in residence. We recently analyzed KORA in this context using the intent-effects test set forth by the United States Supreme Court and concluded lifetime sex offender registration does not constitute "punishment" for purposes of applying any provision of the federal Constitution. *State v. Petersen-Beard*, 304 Kan. 192, 198-209, 377 P.3d 1127 (2016) (relying on the factors set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 [1963]). We therefore held that the 2011 version of KORA could not violate federal prohibitions against cruel and unusual punishment. See 304 Kan. at 208. And not long ago, we "explicitly extend[ed] the holding of *Petersen-Beard* to apply to ex post facto challenges." *State v. Reed*, 306 Kan. ___, ___ P.3d ___ (No. 110,277, filed August 4, 2017), slip op. at 8.

Therefore, to prevail, Burdick must demonstrate that drug offenders as a class are sufficiently distinguishable from the class of sex offenders such that the effects of the law become punitive rather than civil when applied to drug offenders. We recently confronted this question in *State v. Meredith*, 306 Kan. ___, ___ P.3d ___ (No. 110,520, filed August 4, 2017). In that case, we declined to hold that KORA registration is punishment where "the record . . . is insufficiently developed for [the defendant] to persuasively argue KORA's allegedly punitive effects on drug offenders as a class separate and distinct from sex offenders." *Meredith,* 306 Kan. at ___, slip op. at 6; see *Smith v. Doe*, 538 U.S. 84, 92, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003) ("Because we 'ordinarily defer to the legislature's stated intent,' [citation omitted], '"only the clearest proof" will suffice to override legislative intent and transform what has been denominated a civil remedy into a

3

criminal penalty,' [citations omitted]."); see also *State v. Myers*, 260 Kan. 669, 923 P.2d 1024 (1996) (holding that the legislature's intent in enacting KORA was to create a nonpunitive civil regulatory scheme); *Doe v. Thompson*, 304 Kan. 291, 373 P.3d 750 (2016) (upholding *Myers'* determination that the legislature intended to enact a nonpunitive scheme), *overruled on other grounds by Petersen-Beard*, 304 Kan. 192. We further explained in *Meredith* that such an inquiry "requires a robust record because the effects prong of the applicable legal test obliges an appellate court to premise its legal conclusion on at least some fact-intensive questions." *Meredith,* 306 Kan. at ____, slip op. at 10.

Burdick's claim suffers from the same flaw. He is unable to satisfy the "clearest proof" standard because the record below has not been sufficiently developed. As a result, we cannot—at this time—hold that KORA's registration requirements as applied to drug offenders are punishment and subject to the limitations of the Ex Post Facto Clause.

Affirmed.

\*\*\*

BEIER, J., dissenting: Consistent with my votes in *State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127 (2016); *State v. Reed*, 306 Kan. ___, ___ P.3d ___ (No. 110,277, filed August 4, 2017); and *State v. Meredith*, 306 Kan. ___, ___ P.3d ___ (No. 110,520, filed August 4, 2017), I respectfully dissent from the majority's decision in this case. "Kansas' requirement of offender registration—especially in its modern, maximally invasive, maximally pervasive, and infinitely more public incarnation—is punishment, certainly in effect if not in intent. It is no less so for a drug offender than for a sex

offender or a violent offender. It is no less so when the Ex Post Facto Clause is before us than when *Apprendi* or the Eighth Amendment is before us." *Meredith*, 306 Kan. at ___, slip op. at 11-12 (Beier, J., dissenting).

ROSEN and JOHNSON, JJ., join the foregoing dissent.